**Schenck Price**
SCHENCK PRICE SMITH & KING, LLP

*Serving Our Clients and Community*
*For Over 100 Years*

**RYDER T. ULON**
*Admitted in NJ & NY*

Direct Line: 973-540-7321
Email: rtu@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932
Telephone: 973-539-1000
Fax: 973-540-7300
www.spsk.com



May 20, 2025

**VIA ECF**
Hon. Julien Xavier Neals
United States District Court
MLK Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      **Re:** *Agostino & Associates, P.C. v. Estate of Michele Cestone, et al.*
            25-cv-03855 (JXN) (LDW)

Dear Judge Neals:

      We represent defendants Marvec Corporation ("Marvec"), Corsaro Corporation ("Corsaro"), and Maria Cestone and non-party Marvec Liquidating Trust ("Trust"). We write pursuant to Rule 4(a) of your Rules of Practice to request a pre-motion conference regarding Marvec's: (1) anticipated motion to dismiss the Interpleader Complaint ("Complaint") and Order to Show Cause ("OTSC") filed by Agostino & Associates, Inc. ("Plaintiff"); and (2) anticipated Motion to Compel the distribution to the Trust of the $750,000 ("Escrowed Funds") at issue in the Action.

      The Complaint alleges that Plaintiff is in possession of the Escrowed Funds and seeks to have this Court determine the rights of the respective defendants to the Escrowed Funds. (*See* Complaint ¶¶ 41, 48). Notwithstanding the speculative, incomplete and in many respects inaccurate narrative spun by the Complaint, embedded therein are unassailable facts requiring return of the Escrowed Funds to the Trust: Marvec transferred the Escrowed Funds to Plaintiff's trust account with the full blessing of its Board of Directors, the funds remained the property of Marvec and upon Marvec's dissolution became property of the Trust, and the Trust requested the return of the funds. For reasons that are almost impossible to fathom, Plaintiff retained the Escrowed Funds for approximately 16 years (in a non-interest-bearing account), alerted no one regarding the retention of the funds and then, after discovering them and being presented with indisputable evidence as to their source and origin, refused to return them to the Trust. Exacerbating the impropriety of Plaintiff's historical neglect and recent intransigence, Plaintiff commenced the instant action and, adding insult to injury, seeks fees incurred for a controversy solely of its own making. As demonstrated in greater detail below, the Escrowed Funds were Marvec's, should be returned to the Trust, and the relief sought by Plaintiff should be summarily denied.

**A.**     **FACTUAL BACKGROUND**

      In or around 1990, Marvec was formed under the laws of the State of Delaware. On January 20, 2009, Marvec held a Special Meeting of the Directors of Marvec ("Meeting"). At the Meeting, Marvec's



Board of Directors ("Board") adopted and approved a Plan of Dissolution and Complete Liquidation ("Plan of Liqudation").  As part of the Plan of Liquidation, the Board authorized the approval of the Trust.  During the Meeting, the Board also agreed to transfer to Plaintiff's trust account, the Escrowed Funds for the purpose paying certain potential tax liabilities in the amount of Three Hundred Seventy Five Thousand Dollars ($375,000.00) for the Estate of Michele Cestone and Three Hundred Seventy Five Thousand Dollars ($375,000.00) for the Estate of Maria Agnes Cestone (the referenced estates sometimes collectively referred to as the "Estates").  The Meeting Minutes reflect that the Escrowed Funds remained Marvec's and that any unused portion of the Escrowed Funds would be returned to Marvec.  Following the meeting, Marvec transferred the Escrowed Funds to the trust account of Plaintiff.  On February 6, 2009, Marvec filed a Certificate of Dissolution with the Secretary of State of the State of Delaware.  On February 11, 2009, Marvec adopted a Declaration of Trust and Trust Agreement for the Marvec Liquidating Trust ("Liquidating Agreement") for the purpose of, among other things, liquidating Marvec's assets, satisfying its liabilities, and thereafter distributing its net assets to the Trust beneficiaries.

In or around November 2024, Plaintiff contacted Michele J. Cestone, Trustee of the Trust ("Michele"), alerting him that the Escrowed Funds were in Plaintiff's trust account and sought direction as to how they should be dispersed.  Plaintiff discovered the funds as it prepared to merge its practice with another law firm.  Given that 16 years had passed, Michele determined the source and origin of the Escrowed Funds and ultimately advised Plaintiff that the funds were transferred by Marvec and should be returned to the Trust.  More specifically, by correspondence dated March 14, 2025, Michele provided Plaintiff with, <u>inter alia</u>, the Meeting Minutes, Liquidating Agreement, and advised:

> The Trust was created on February 11, 2009 for the purposes, among others, of liquidating Marvec's assets, satisfying its liabilities, and thereafter distributing its net assets to the Trust Beneficiaries.  All of Marvec's remaining assets were transferred to the Trust pursuant to the Plan of Liquidation and Marvec itself is well past the three year statutory wind-up for Delaware corporations.

Plaintiff did not substantively dispute the fact that funds originated with Marvec and belonged to the Trust.  Nevertheless, Plaintiff commenced the instant action.

B.     **THE ESCROWED FUNDS SHOULD BE RETURNED TO THE TRUST**

The referenced facts clearly establish that the Escrowed Funds belonged to Marvec and consequently, should be returned to the Trust.  *See* The Restatement (Second) of Trusts, § 12 (2012*); see also, Maurello v. Broadway Bank & Trust Co.*, 114 N.J.L. 167, 173-74 (E. & A. 1935) (noting the "right of the depositor is to have the fund or property expended or used for the purposes to which he particularly dedicated them, and, consummation thereof failing in whole or part, is entitled to a return of the fund in whole or part").  Here, pursuant to the Meeting Minutes, *supra*, Marvec and its Board unanimously directed that the Escrowed Funds to be held in a trust and expressly acknowledged Marvec's entitlement to a return of any unused portion of the funds. *See First Nat'l Bank & Trust Co. v. Scott*, 109 N.J. Eq. 244, 251 (1931).

The funds do not, as theorized by Plaintiff, belong to any of the following: the Estate of Michele Cestone, Estate of Agnese Cestone, Estate of Vincenzo Cestone, Estate of Ralph M. Cestone, Orbit Vector



Mars,[1] Verona Industries, Inc., Verona Equities, Inc., or Corsaro. Nor do the funds belong directly to Michele J. Cestone, Vincent Cestone, Vincent Cestone, II, Ralph Cestone, Michele Cestone or Maria Cestone. They are merely beneficiaries of the Trust to whom the Trust may ultimately disburse the monies after its return by Plaintiff to the Trust.

And for at least four reasons, the United States of America and/or the Internal Revenue Service have no right or interest in the Escrowed Funds. First, the Escrowed Funds belong to Marvec. The Complaint does not plead, because there would be no basis to do so, that Marvec has any outstanding tax liability. Second, the Complaint does not plead that there is any levy or judgment against Marvec. Simply put, there is no allegation that Marvec has any tax liability. Hence, the Escrowed Funds should be returned to Marvec.

Third, while the lack of any allegation of tax liability on the part of Marvec should end the inquiry, the Complaint does not plead that any named defendant, including the Estates for whose benefit the Escrowed Funds were deposited by Marvec into Plaintiff's trust account, has any outstanding tax liability. Rather, with respect to the Estates, the Complaint pleads repeatedly that "[u]pon information and belief, the IRS has not sent a bill for the Settlement..." (*See* Complaint ¶¶ 2, 3, and 4). With respect to the individual defendants, the Complaint simply pleads that they were involved in global settlement with the IRS and may have an interest in the Escrowed Funds. (*See* Complaint ¶¶ 11, 12, 13, 14, 15, and 16).

Fourth, even if there were outstanding taxes owed or judgements entered against any defendant (other than Marvec), those liabilities are not and never have been the responsibility of Marvec. Stated another way, in the event there are or arise claims, levies, and/or judgments against the non-Marvec defendants, the IRS can pursue those defendants. But neither a hypothetical nor real pursuit of any levy or judgment against any person or entity alters the fact that the Escrowed Funds belong to Marvec. Therefore, the OTSC should be dismissed, and the Court should compel Plaintiff to return the funds to the Trust.

For all the foregoing reasons, Marvec believes that the Complaint should be dismissed and respectfully requests a pre-motion conference to address the proposed motion.

        Respectfully submitted,

        SCHENCK, PRICE, SMITH & KING, LLP

        Ryder T. Ulon

RTU/gdr

**cc: all counsel of record, via e-courts**

---

[1] Orbit Vector Mars is not an entity. Rather, it was the name given to a Marvec bank account at PNC Bank for security purposes.