**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<table>
<tr><td>

AGOSTINO & ASSOCIATES, P.C.,

          Plaintiff,

v.

ESTATE OF MICHELE CESTONE et al.,

          Defendants.

</td><td>

Civil Action No. 25-03855 (JXN)(LDW)


**MEMORANDUM AND ORDER**

</td></tr>
</table>

**NEALS**, District Judge

Before the Court is McCarter & English, LLP's ("McCarter") appeal (ECF No. 61) of Magistrate Judge Leda Dunn Wettre's ("Judge Wettre") Letter Order dated September 22, 2025 (ECF No. 56), denying McCarter's motion to intervene (ECF No. 33). The appeal is unopposed. The Court has considered Judge Wettre's Letter Order and McCarter's appeal and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons set forth below, McCarter's appeal is **DENIED,** and Judge Wettre's Letter Order is **AFFIRMED**.

I.      **BACKGROUND**

The Court assumes the parties' familiarity with the facts and procedural history, including as detailed in Judge Wettre's Letter Order, which provides a thorough recitation of the background of this case and articulates the parties' arguments on the underlying motion to intervene. (*See* Letter Order, ECF No. 56.) As such, the Court recounts only those facts necessary to resolve this appeal.

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Agostino & Associates, P.C. ("Plaintiff"), alleges that it is in possession of $750,000 that Marvec Corporation transferred into Plaintiff's trust account ("Disputed Funds"). (Compl. ¶ 22, ECF No. 1-1.) The funds were intended to be held in Plaintiff's trust account as a reserve for potential federal gift tax liabilities relating to the Estate of Michele Cestone and the Estate of Agnese Cestone. (*Id*. ¶ 23.) The Disputed Funds remained in Plaintiff's trust for sixteen years, and Plaintiff never received a formal notice and demand from the Internal Revenue Service ("IRS") regarding tax liability. (*Id*. ¶¶ 33, 35(e).) In March 2025, Defendant Michele J. Cestone's counsel, acting as Trustee of the Marvec Liquidating Trust (the purported successor to the now-dissolved Marvec Corporation), demanded that Plaintiff return the Disputed Funds to the Trust. (*Id*. ¶ 31.) Subsequently, Plaintiff filed the Complaint in Interpleader to avoid potential liabilities to the IRS, the trust at issue, and various Cestone family members and family businesses. (*See generally* ECF No. 1-1.) Ralph Cestone is listed as one of the potential claimants to the Disputed Funds. (Compl. ¶¶ 3, 44.)

McCarter moves to intervene in this interpleader action pursuant to Rule 24(a) in an attempt to collect unpaid legal fees from Defendant Ralph Cestone. (*See* ECF No. 33.) McCarter obtained judgment against Ralph Cestone in the Superior Court of New Jersey for an amount exceeding $190,000.[2] (*Id*. ¶ 4.) McCarter made no assertions that these unpaid legal fees are related to the gift tax withholding liabilities. (*See generally id*.)

McCarter claims that its registered judgment against Ralph Cestone satisfies the criteria for intervention under Rule 24(a). On August 11, 2025, Judge Wettre ordered McCarter to file further briefing "demonstrating that it [McCarter] has a sufficient interest in this action which

---

[2] The amount owed from the Judgment dated August 22, 2016, was $190,277.70. Inclusive of interest, the amount as of June 1, 2025, stands at $248,232.90. (*Id*. ¶ 4.)

2

would be impaired by the disposition of the action absent its intervention." (ECF No. 41.) On August 14, 2025, McCarter filed the requested briefing. (McCarter's Letter, ECF No. 45.) Judge Wettre denied McCarter's motion, determining that "McCarter lacks a sufficient interest in this interpleader action to establish its right to intervene under Rule 24(a)(2)." (Letter Order 3.) On October 6, 2025, McCarter filed the instant appeal. (Appeal, ECF No. 61.)

## II.      LEGAL STANDARD

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court. 28 U.S.C. § 636(b)(1)(A). On appeal, the district court will reverse a magistrate judge's decision on these matters only if it is "clearly erroneous or contrary to law." *Id*.; Federal Rule of Civil Procedure 72(a); Local Civil Rule 72.1(c)(1)(A). Findings of fact are clearly erroneous only where the reviewing court is left with a "definite and firm conviction" that a mistake has been made. *Lithuanian Com. Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997). Legal conclusions are contrary to law only when "the magistrate judge has misinterpreted or misapplied the applicable law." *Allen v. Banner Life Ins. Co*., 340 F.R.D. 232, 236 (D.N.J. 2022) (*quoting Romero v. Ahsan*, No. 13-7695, 2015 WL 5455838, at *3 (D.N.J. Sept. 16, 2015)). "Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Experian Info. Sols., Inc. v. List Servs. Direct, Inc*., No. 15-3271, 2018 WL 3993449, at *3 (D.N.J. Aug. 21, 2018).

## III.      DISCUSSION

As a preliminary matter, the Court reviews Judge Wettre's decision for clear error because McCarter seeks to appeal a non-dispositive matter. *See Allen*, 340 F.R.D. at 236.

Pursuant to Rule 24(a)(2), a non-party may intervene as of right in an interpleader matter if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[3] Fed. R. Civ. P. 24(a)(2). For the Court to find intervention as of right permissible:

> (1) The application for intervention must be timely; (2) The applicant must have an interest relating to the property or transaction which is the subject of the action; (3) The applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; and (4) The applicant's interest must be inadequately represented by the existing parties to the suit.

*St. Bernard Parish v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (2019). The potential intervening party has the burden of establishing that these four elements are met. *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987). "Although these requirements are intertwined, each must be met to intervene as of right." *Id*.

The issue before the Court is whether McCarter has sufficient interest in the property that is the subject of the action.[4] The interest is insufficient if it is a "mere economic interest in the outcome of the litigation." *Mountain Top Condo. Assoc. v. Dave Stabbert Master Builder*, *Inc.*, 33 V.I. 311, 72 F.3d 361, 366 (3d Cir. 1995). A proposed intervenor's interest in a specific fund, however, can be sufficient to allow intervention as of right. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 221 (3d Cir. 2005). Intervention as of right requires a "direct, significant legally protectable interest" in the proceedings. *Wade v. Goldschmidt*, 673 F.2d 182, 185 (7th Cir. 1982) (citing Fed. R. Civ. P. 24(a)(2)).

---

[3] McCarter did not seek permissive intervention pursuant to Rule 24(b). (*See generally* ECF No. 33; Letter Order 2.)

[4] Judge Wettre's Letter Order concludes that McCarter moved to intervene in a timely fashion. (Letter Order 2.) The Court agrees.

In its appeal, McCarter claims that its interest is sufficient because "a discrete and 'specific fund' exists here, namely the $750,000 in the Plaintiff's trust account," the Disputed Funds. (Appeal 5.) McCarter alleges that the existence of this specific fund demonstrates that they are not seeking "general assets." (McCarter's Letter 2–3.) In finding that McCarter does not have a sufficient interest in the Disputed Funds, Judge Wettre determined that McCarter did not show an independent legal interest in the Disputed Funds. (Letter Order 2.) The Court agrees.

The legal fees McCarter seeks from Ralph Cestone are unrelated to the primary purpose of the Disputed Funds. Therefore, McCarter's interest in the Disputed Funds is reliant on Ralph Cestone's "success on the merits of a claim to those funds or a settlement allocating some portion of the money to him." (*Id*. at 2.) Because the Court can only speculate as to whether Ralph Cestone will recover assets from the Disputed Funds and to what extent, McCarter's interest in the funds amounts to a mere economic interest. *See Emqore Envesecure Priv. Cap. Tr. v. Singh*, No. 20-07324, 2022 WL 1115279, *4 (D.N.J. Apr. 14, 2022) (holding that a proposed intervenor's interest is "too remote and speculative to support intervention as of right" where Plaintiff's recovery is "hypothetical and contingent" on the outcome of the pending litigation); see *also Mountain Top*, 72 F.3d at 367 (3d Cir. 1995) (finding intervention as of right appropriate where the potential intervenors were "intended beneficiaries" of the funds held in escrow because the funds were the remainder of insurance proceeds following damage to the condominium complex the intervenors owned units in.) Thus, McCarter does not, altogether, have a direct, significant, legally protectable interest in the Disputed Funds. After carefully reviewing McCarter's appeal and the analysis in the September 22, 2025 Letter Order, the Court finds no indication that Judge Wettre misstated or misapplied the law. *See Romero*, 2015 WL 5455838, at *3. Moreover, McCarter has not

demonstrated that Judge Wettre's decision was clearly wrong, contrary to law, or an abuse of discretion. Therefore, McCarter's appeal is denied.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above,

**IT IS** on this 15th day of June 2026,

**ORDERED** that McCarter's appeal (ECF No. 61) is **DENIED,** and Judge Wettre's September 22, 2025 Letter Order (ECF No. 56) is **AFFIRMED**.

**JULIEN XAVIER NEALS**
**United States District Judge**