**AGOSTINO & ASSOCIATES**
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
THE BANK HOUSE
14 WASHINGTON PLACE
HACKENSACK, NEW JERSEY 07601
(201) 488-5400
FAX (201) 488-5855
WWW.AGOSTINOLAW.COM

September 19, 2026

***VIA CM/ECF ELECTRONIC FILING***
The Honorable Julien Xavier Neals
United States District Judge
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***Agostino & Associates, P.C. v. Estate of Michele Cestone, et al.***
**Civil Action No. 2:25-cv-03855 (JXN) (LDW)**
**Pre-Motion Letter Regarding Anticipated Motion to Remand**

Dear Judge Neals:

Plaintiff Agostino & Associates, P.C. ("Plaintiff"), by undersigned counsel, respectfully submits this pre-motion letter pursuant to Your Honor's Individual Judicial Procedures, seeking a pre-motion conference or leave to file a Motion to Remand under 28 U.S.C. §§ 1447(c) and 1367(c)(3).

**PROCEDURAL BACKGROUND**

On or around April 1, 2025, Plaintiff filed a Verified Complaint in Interpleader in the Superior Court of New Jersey, Chancery Division, Bergen County, under N.J.S.A. 2A:16-41 to -62, concerning $750,000 held in Plaintiff's trust account (the "Disputed Funds").

On May 5, 2025, the United States removed under 28 U.S.C. §§ 1441, 1442(a)(1), and 1444, asserting federal-officer, federal-question, and 28 U.S.C. § 2410 removal grounds.

The adverse claimants later agreed to distribute the Disputed Funds to the Marvec Liquidating Trust. After completing its administrative review, the United States expressly disclaimed any right, title, lien, or other interest in the Disputed Funds.

**I. THE GOVERNMENT'S DISCLAIMER EXTINGUISHES FEDERAL JURISDICTION (28 U.S.C. § 1447(c))**

**28 U.S.C. § 1442(a)(1).** The Government removed under this provision based on its asserted interest in the Disputed Funds. The Government's disclaimer of any right, title, lien, or interest in those funds severs the jurisdictional nexus. The Government is no longer a real party in interest, and the action is no longer "directed to" any act under color of federal office. See *Mesa v. California*, 489 U.S. 121 (1989).

**28 U.S.C. § 1444.** 28 U.S.C**.** § 2410 applies only where the United States "has or claims to have a lien" on the property. The Government's disclaimer of all interest eliminates this predicate. 28 U.S.C. § 1444 is a removal mechanism, not a source of jurisdiction; once the claimed lien is abandoned, 28 U.S.C. § 1444 cannot sustain removal. See *Commissioner v. Zuch*, 605 U.S. 422, 431 (2025) (when the government eliminates the jurisdictional predicate, the court loses authority to proceed).

**28 U.S.C. § 1441.** The well-pleaded complaint rule requires a federal question on the face of the complaint. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). The Verified Complaint invokes exclusively New Jersey state interpleader practice under *N.J. Court Rule* 4:31 and N.J.S.A. 2A:16-41 *et seq*. The sole federal dimension arose from the Government's claimed tax interest, which has now been disclaimed. No federal question remains. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

## II. THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION (28 U.S.C. § 1367(c)(3))

Even assuming the initial removal was proper in May 2025, the Government's subsequent disclaimer eliminated the sole federal anchor prior to trial. Under 28 U.S.C. § 1367(c)(3), once all claims conferring original jurisdiction are eliminated, "the balance of factors . . . will point toward declining to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Comity and New Jersey's strong interest in administering its interpleader remedy favor remand.

## III. NO INDEPENDENT FEDERAL JURISDICTION EXISTS

Diversity jurisdiction under 28 U.S.C. § 1332 is absent because Plaintiff and multiple defendants are New Jersey citizens. Federal statutory interpleader under 28 U.S.C. § 1335 was never invoked. Although Plaintiff filed a protective Motion for Interpleader Deposit referencing 28 U.S.C. § 1335 (ECF No. 73), that motion sought solely to safeguard the Disputed Funds in federal court and did not waive Plaintiff's position that this action belongs in the Chancery Division.

## IV. UNRESOLVED CONTROVERSIES DEFEAT MOOTNESS

This case is not moot. The May 27, 2026 conference agreement binds only Marvec Corporation, Corsaro Corporation, and Maria Cestone, not non-appearing heirs or gift transferees, including the Nicole Cestone 2012 Trust, the Anthony Cestone 2012 Trust, Isabella Cestone, Lisa Soper, and Jacqueline A. Cestone. McCarter & English, LLP, holding a judgment exceeding $248,232.90 against Ralph Cestone (denied intervention, ECF No. 56; appeal denied, ECF No. 82), further illustrates the unresolved claims. Additional active disputes include Plaintiff's unliquidated attorneys' fees under R. 4:42-9(a)(2), conflicting privilege mandates from Defendants' Joint Privilege Letter of January 12, 2026, and disagreement over deposit mechanics.

## V. CHANCERY PROTECTIONS

Remand will afford Plaintiff the protections appropriate to a neutral stakeholder:

(a) Binding statutory discharge under N.J.S.A. 2A:16-41 to -62;

(b) Judicial deposit of funds into the Superior Court Trust Fund under R. 4:57-1, fully relinquishing custody and ensuring compliance with N.J. RPC 1.15 and R. 1:21-6 governing attorney trust accounts;

(c) Interpleader injunction under R. 4:31-1;

(d) Attorneys' fee recovery under R. 4:42-9(a)(2).

Plaintiff requests immediate remand so that relief may be entered under state equity practice.

**PROFFER OF EVIDENCE**

Plaintiff will support the motion with the following: (a) the United States' Notice of Removal (ECF No. 1); (b) the Verified Complaint in Interpleader (ECF No. 1-1); (c) the United States' Answer (ECF No. 34); (d) the Declaration of Beatriz T. Saiz, Esq. (ECF No. 50-1); (e) the Joint Privilege Letter dated January 12, 2026; (f) counsel's certification with exhibits; and (g) a proposed order of remand.

**CONCLUSION**

Plaintiff respectfully requests a pre-motion conference or leave to file its Motion to Remand under 28 U.S.C. §§ 1447(c) and 1367(c)(3). If the Court determines it lacks subject-matter jurisdiction, Plaintiff requests remand to the Superior Court of New Jersey, Chancery Division, Bergen County.

Respectfully submitted,

**AGOSTINO & ASSOCIATES, P.C.**
By: */s/ Frank Agostino*
Frank Agostino, Esq.
14 Washington Place
Hackensack, New Jersey 07601
Tel: (201) 488-5400
Email: fagostino@agostinolaw.com
*Attorneys for Plaintiff*

**cc:** *(via CM/ECF Electronic Service)*

Frederick C. Biehl, III, Esq., McCarter & English, LLP; Ryder T. Ulon, Esq. and Thomas J. Cotton, Esq., Schenck, Price, Smith & King, LLP; Alexandra V. Gallo, Esq. and Brian Griffin, Esq., O'Toole Scrivo, LLC; Anthony Laura, Esq., Colella Zefutie LLC; Gary R. Botwinick, Esq., Einhorn Barbarito; Barry Mandelbaum, Esq. and Michael Polychronis, Esq., Mandelbaum Barrett PC; Kevin N. Starkey, Esq., Starkey, Kelly, Kenneally, Cunningham, Turnback & Yannone; Beatriz T. Saiz, Esq., Trial Attorney, Tax Division, U.S. Department of Justice